IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES SAYLOR,

        Plaintiff,

vs.

RANDY KOHL, M.D., DENNIS BAKEWELL, ROBERT HOUSTON, NATALIE BAKER, M.D., MOHAMMAD KAMAL, M.D., CAMERON WHITE, PH.D., MARK WEILAGE, PH.D., FRED BRITTEN, KARI PEREZ, PH.D., and CORRECT CARE SOLUTIONS, LLC.,

        Defendants.

4:12CV3115

ORDER

      This matter is before the court on the plaintiff's, James Saylor (Saylor), Motion for Extension of Time to Serve Discovery Responses; and, in the alternative, for Leave to Withdraw Admissions (Filing No. 149). The defendant, Natalie Baker, M.D. (Baker), filed a brief (Filing No. 153) and index of evidence (Filing No. 154) in opposition. The plaintiff filed a brief (Filing No. 158) and index of evidence (Filing No. 159) in reply.

## BACKGROUND

      This matter arises from Saylor's complaint for violations of his constitutional rights with respect to his housing, care, protection, and medical treatment while in prison. **See** Filing No. 113 - Second Amended Complaint. Baker generally denies the allegations. **See** Filing No. 127 - Answer.

      On March 26, 2014, Baker's counsel mailed her "Requests for Admissions to Plaintiff of Defendant Natalie Baker, M.D., Individually," to Saylor's counsel.[1] **See** Filing No. 149 - Motion. Saylor's responses were due April 28, 2014. On April 28, 2014, Saylor's counsel sent an email to Baker's counsel requesting an extension of time to respond to Baker's requests for admission, interrogatories, and requests for production. **Id.** On April 30, 2014, Baker's counsel responded and agreed to an extension of time

---

[1] The court notes no certificates of service were filed as required by the Civil Rules of the United States District Court for the District of Nebraska 36.1(c).

with regard to the interrogatories and requests for production, but did not agree to an extension of time with respect to the requests for admission.  *Id.*  Pursuant to Saylor's counsel's request, Baker's counsel emailed the requests for admission on April 30, 2014, at 5:14 P.M.  **See** Filing No. 154-1 - Schott Aff. ¶ 4.  Saylor's counsel served responses shortly thereafter at 5:47 P.M. on April 30, 2014, two days past the deadline.  *Id.* ¶ 5; Filing No. 154-2 - Responses.  On May 7, 2014, Saylor's counsel asked whether Baker's counsel would accept the late-responses and set aside the admissions caused by the late filing.  **See** Filing No. 149 - Motion.  On May 12, 2014, Baker's counsel stated she would not agree to set aside the admissions.  *Id.*

On May 19, 2014, Saylor filed the instant motion seeking additional time to serve discovery responses to Baker's requests for admission or, in the alternative, withdraw and amend Saylor's responses.  *Id.*  Saylor argues the admissions were inadvertent and occurred very early in the process of preparing this case for trial.  *Id.*  Saylor argues Baker would not suffer any prejudice by withdrawal and amendment of the responses.  *Id.*

Baker argues Saylor's responses do not comply with the spirit of Federal Rule of Civil Procedure 36(f) as the responses appear to have been completed in a half-hour, are contradictory, and even deny a quote taken directly from Saylor's complaint.  **See** Filing No. 153 - Response.  Baker argues the nearly blanket denial thwarted Baker's attempt to narrow the issues and move for summary judgment and resulted in a waste of time and money for Baker.  *Id.*

In reply, although Saylor admits he waited until the eleventh hour, he contends allowing his erroneous admissions to stand would deny him the opportunity to have the merits of his claims considered.  **See** Filing No. 158 - Reply.  Additionally, Saylor contends Baker suffers no prejudice as she has not filed any summary judgment motions and discovery remains open.  *Id.*  Saylor argues he did not intend to frustrate discovery and his amended responses will narrow the issues and avoid litigation of nonessential facts.  *Id.*  As part of his index of evidence, Saylor attached his amended responses.  **See** Filing No. 159-2.

## ANALYSIS

"[Federal Rule of Civil Procedure] 36 provides that a party, within the permissible scope of discovery under the rules of civil procedure, may serve on any other party a written request to admit the truth of any matters relating to, *inter alia*, facts or the application of law to fact." **Quasius v. Schwan Food Co.**, 596 F.3d 947, 950 (8th Cir. 2010); **see also** Fed. R. Civ. P. 36. "The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." **Xcel Energy, Inc. v. United States**, 237 F.R.D. 416, 420-21 (D. Minn. 2006); **see also** Fed. R. Civ. P. 36 advisory committee's note (1970 amend.) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). Following service of requests for admissions, a party has thirty days to respond; otherwise the matters in the requests are deemed admitted. **See** Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

The Eighth Circuit applies a two-prong test to determine the appropriateness of withdrawal or amendment, "rather than focusing on the moving party's excuses for an erroneous admission." **See FDIC v. Prusia**, 18 F.3d 637, 640 (8th Cir. 1994). "The first prong of the test requires [a court] to consider whether permitting the amendment would [ ] subserve[ ] the presentation of the merits of the . . . action." *Id.* The second prong contemplates prejudice concerning

> the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted. The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.

3

*Id.* The party who obtains a mistaken admission bears the burden of proving withdrawal or an amendment subjects the party to prejudice. *Id.*

In this matter, Saylor, although admittedly waiting until the eleventh hour, sought an extension to respond to Baker's requests for admission. After not receiving the extension, Saylor quickly served his responses. Promptly following Baker's refusal to set aside Saylor's mistaken admission and accept the late-filed responses, Saylor filed the instant motion. There is no evidence Saylor's late responses were intended to frustrate discovery or Baker's opportunity to file a motion for summary judgment. Permitting Saylor to withdraw the erroneous admissions will allow Saylor to have the merits of his claims against Baker considered instead of potentially precluding such consideration if the court allowed the admissions to stand. Additionally, Baker has not established she would suffer prejudice by withdrawal or amendment as contemplated under Rule 36(b). Discovery remains ongoing[2] and withdrawal of Saylor's admissions will not present Baker with the "sudden need to obtain evidence required to prove the matter that had been admitted." **See** *Prusia*, 18 F.3d at 640. Accordingly,

**IT IS ORDERED**:

Saylor's Motion for Extension of Time to Serve Discovery Responses; and, in the alternative, for Leave to Withdraw Admissions (Filing No. 149) is granted. The admissions to Baker's March 26, 2014, requests for admission are withdrawn. Saylor shall have to **on or before June 16, 2014**, to serve his amended responses to Baker's requests. Saylor shall file a certificate of service upon serving his responses.

Dated this 12th day of June, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[2] However, at this time, discovery is stayed pending resolution of a motion for summary judgment based on qualified immunity. **See** Filing No. 148 - Order. Saylor has filed an objection to the stay. **See** Filing No. 150.

4