IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES SAYLOR,

        Plaintiff,

v.

RANDY KOHL, M.D.; DENNIS BAKEWELL, ROBERT HOUSTON, NATALIE BAKER, M.D.; MOHAMMAD KAMAL, M.D.; CAMERON WHITE, Ph. D.; MARK WEILAGE, Ph. D.; FRED BRITTEN, KARI PEREZ, Ph. D.; and CORRECT CARE SOLUTIONS, LLC,

        Defendants.

4:12CV3115

**MEMORANDUM AND ORDER**

      This matter is before the court on the plaintiff's objection, Filing No. 150, to the order of the magistrate judge, Filing No. 148, granting the defendants' motion to stay discovery, Filing No. 146. This is an action for damages and injunctive relief for alleged deprivation of civil rights brought by an inmate under 42 U.S.C. § 1983. The defendants are Nebraska Department of Correctional Services officials, employees or contractors. This court has jurisdiction under 28 U.S.C. § 1331.

      The plaintiff challenges the magistrate judge's order staying discovery pending the court's ruling on the individual defendants' motions for summary judgment. Filing No. 148. A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or

contrary to law."). A magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

The court finds the magistrate judge's order is not clearly erroneous or contrary to law. The court agrees with the magistrate judge's conclusion that the individual defendants should not be subjected to the costs associated with discovery unless the court denies their summary judgment motion. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (stating that the doctrine of qualified immunity is intended, in part, to protect state actors from the costs associated with litigation such as discovery); *Ballard v. Heinemann*, 548 F.3d 1132 (8th Cir. 2008) (reasoning where qualified immunity is asserted as a defense, the court may stay discovery until the issue of qualified immunity is resolved). Resolution of a qualified immunity defense will generally present a purely legal issue that can be resolved with reference only to undisputed facts. *Ortiz v. Jordan*, 562 U.S. 180, 131 S. Ct. 884, 892 (2011) (noting that "[c]ases fitting that bill typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law.")

The court finds it appropriate to first consider the qualified immunity defense, to the extent that it presents "neat, abstract issues of law," before allowing further discovery. Accordingly, the court finds the plaintiff's objection should be overruled and the magistrate judge's order affirmed.

IT IS HEREBY ORDERED:

1. Plaintiff's objection (Filing No. 150) is overruled.

2. The order of the magistrate judge (Filing No. 148) is affirmed.

Dated this 18th day of December, 2014

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              Senior United States District Judge